IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**TOMMY HUGHES DAVIDSON, JR.**                                                **PETITIONER**

**VERSUS**                                         **CIVIL ACTION NO.  3:15CV587-HTW-LRA**

**SUPERINTENDENT RONALD KING**                                               **RESPONDENT**

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Tommy Davidson filed the instant petition for writ of habeas corpus relief on August 14, 2015.  Respondent moves to dismiss the petition for failure to state a claim upon which relief can be granted.  Alternatively, Respondent submits that the petition should be dismissed for failure to exhaust state court remedies.  The Court recommends that the motion be granted for the reasons that follow.

Petitioner Davidson pled guilty to aggravated assault in the Circuit Court of Clay County, Mississippi, and was sentenced to serve 15 years in the custody of the Mississippi Department of Corrections ("MDOC") on April 14, 2009.  While in custody, Petitioner received various Rule Violation Reports ("RVRs") after violating one or more of MDOC's Rules and Regulations for reportedly failing to comply with the orders of correctional officers.  Davidson argues that the RVRs were issued contrary to MDOC policy and procedure, and requests that they be expunged from his prison record.[1]

In his petition for habeas relief, Davidson raises the following grounds in support (as stated by Petitioner):

---

[1] ECF No.  17-1 – 17-2.

| | |
|---|---|
| Ground One: | Petitioner was not given a copy of R.V.R.'s by correctional officers. |
| Ground Two: | Petitioner was deprived of giving a written statement on most R.V.R.'s. |
| Ground Three: | Petitioner was subject to abuse in the disciplinary proceedings by persons motivated by malice, vindictiveness, intolerance, prejudice or jealousy. |
| Ground Four: | Petitioner was deprived of his liberty interest without due process of law because due process clauses prohibit government from infringing upon prisoner liberty interest.[2] |

In addition to these grounds, Davidson alleges that his constitutional rights were violated because he lost accrued good-time credits which affects the duration of his sentence. He also avers that he was denied an opportunity to call witnesses and present evidence during the disciplinary hearing.[3]

## ALLEGED CONSTITUTIONAL CLAIMS

This Court's review of Petitioner's claims for federal habeas relief is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996. Under the Act, federal courts shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only* on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). (Emphasis added). A habeas petitioner must allege that he or she has

---

[2] ECF No. 11, pp. 1-3.

[3] *Id*; ECF No. 15-1.

been "deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984). If a Petitioner has not alleged a deprivation of any such right, he has failed to state a claim for habeas relief. *Id.*

With respect to Davidson's allegation that MDOC policy and procedures were violated during the disciplinary hearing and ARP process, he fails to state a viable constitutional claim. "[A] prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met." *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir.1996); *see also Giovanni v. Lynn*, 48 F.3d 908, 912 (5th Cir.1995); *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir.1994); *Jacobs v. Grimes*, No. 1:09CV653 HSO-JMR, 2009 WL 3417849, at *2 (S.D. Miss. Oct. 21, 2009). This allegation, without more, simply does not rise to a level of constitutional deprivation. *Jones v. Hudnell*, 210 F. App'x 427, 428 (5th Cir. 2006).

## EXHAUSTION

With respect to Davidson's claim that the RVRs resulted in his loss of good-time credits, he correctly pursues claims that affect his "eligibility for, or entitlement to, accelerated release through habeas corpus." *Johnson v. Pfeiffer*, 821 F.2d 1120, 1123 (5th Cir. 1987); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (holding that habeas corpus is the exclusive remedy for a claim for restoration of good-time credits); *Lovett v. Dretke*, 100 F. App'x. 225 (5th Cir. 2004) (prisoner's claim that his due process rights

3

were violated when he lost good-time credits for violating rule of which he allegedly had no notice stated cognizable ground for habeas relief).

However, when habeas corpus is the exclusive federal remedy, Petitioner cannot seek intervention of the federal court under § 2254, until he has first sought and been denied relief in state courts.[4] *Parr v. Quarterman,* 472 F.3d 245 (5th Cir. 2006). To satisfy the exhaustion requirement of § 2254(b)(1), a "habeas petitioner must have fairly presented the substance of his claim to the state courts." *Smith v. Dretke*, 422 F.3d 269, 276 (5th Cir. 2005). This requires submitting the factual and legal basis of every claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). A habeas petitioner who has failed to exhaust all of his post-conviction remedies has asserted no cognizable right to federal habeas relief under § 2254. *See Murphy v. Johnson*, 110 F.3d 10, 11 (5th Cir. 1997).

---

[4] The exhaustion requirement is contained in Section 2254(b)(1) and provides in part the following:

   (b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

      (A)  the applicant has exhausted the remedies available in the courts of the State; or
      (B)(i)  there is an absence of available State corrective process; or
        (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
        . . . .
   (c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

To satisfy AEDPA's exhaustion requirement with regard to his loss of good-time credits, it was not enough for Davidson to complete the MDOC's administrative remedy program. Exhaustion required him to present his claims to the state's highest court in order to provide the state courts with a fair opportunity to consider and pass upon the claims. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). Specifically, upon completion of the administrative remedy program and receipt of the appropriate certificate, Petitioner was required to appeal the ruling, within 30 days, to the appropriate circuit court and then to the Mississippi Supreme Court. *See Lee v. Kelly*, 34 So.3d 1203, 1205 (Miss. Ct. App. 2010) (inmate appealed MDOC's denial of administrative remedy regarding earned time credit). The evidence indicates that Davidson completed the administrative remedy program on August 4, 2015, but took no further action. Because Davidson failed to challenge the loss of his earned time within the required 30 days, he has defaulted on his opportunity to appeal this claim in state court. *See* Miss Code. Ann § 47-5-803 (2).

When state remedies are rendered unavailable by Petitioner's own procedural default, or when "it is obvious that the unexhausted claim would be procedurally barred in state court, we will forego the needless 'judicial ping-pong' and hold the claim procedurally barred from habeas review." *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995) (quoting *Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993)); *see also Coleman v. Thompson*, 501 U.S. 722, 736 n.1. (1991). To overcome the default, Davidson would have to show "cause for the default and actual prejudice" or that "failure to consider the claim will result in a fundamental miscarriage of justice." *Jones v. Jones*, 163 F.3d 285,

5

296 (5th Cir. 1998). No such showing has been made here. He offers no explanation for his failure to appeal the loss-of-earned-time claim in state court, nor has he demonstrated that failure to consider this claim on the merits will result in fundamental miscarriage of justice.

Davidson has likewise failed to show good cause to hold his petition in abeyance pending the exhaustion of the remainder of his claims as raised in grounds 1-4. This Court has the discretion to stay and hold this matter in abeyance pending Petitioner's exhaustion of his state court remedies. *See Rhines v. Weber,* 544 U.S. 269, 277 (2005). But the United States Supreme Court has instructed lower courts that stay and abeyance is an extraordinary remedy not to be made readily available to a habeas petitioner. *Id.* at 278. The *Rhines* Court cautioned that "stay and abeyance should be available only in limited circumstances" because "granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts." *Id.* at 277. Stay and abeyance is only appropriate when there is good cause for the petitioner's failure to fully exhaust his claims in state court first. *Id.* at 277-78. No good cause has been shown here. Thus, even if the Court were to find that Davidson has stated a viable constitutional claim in grounds 1-4, these claims are subject to dismissal because he has failed to exhaust his state court remedies.

In sum, Davidson's claim that MDOC's policies and procedures were violated fails to state a claim upon which relief may be granted and should be dismissed with prejudice. Any and all other claims should be dismissed for failure to exhaust state court remedies

for the reasons stated herein.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections.  Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 26th day of February  2016.

>                     /s/  Linda R. Anderson
>           UNITED STATES MAGISTRATE JUDGE